```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
                                           :
WILLIAM MARCOS GONZALEZ,                   :      14cv8760 (DLC)
                    Movant,                :
                                           :      13cr0007 (DLC)
          -v-                              :
                                           :      OPINION & ORDER
UNITED STATES OF AMERICA,                  :
                    Respondent.            :
                                           :
------------------------------------------X
```

DENISE COTE, District Judge:

William Marcos Gonzalez ("Gonzalez") filed a petition, received on October 24, 2014, for a writ of habeas corpus pursuant to 28 U.S.C § 2255. Gonzalez seeks to be resentenced. Gonzalez primarily argues that he was denied effective assistance of counsel. For the following reasons, Gonzalez's petition is denied in part. A separate scheduling order accompanies this Opinion.

## BACKGROUND

On June 28, 2013, pursuant to a plea agreement with the Government, Gonzalez pleaded guilty to conspiring to distribute a controlled substance involving five kilograms of cocaine in violation of 21 U.S.C. § 841(b)(1)(A). This charge carried a mandatory minimum term of imprisonment of five years. On October 11, Gonzalez agreed to a new plea agreement with the Government that would permit him to plead guilty to 21 U.S.C. § 841(b)(1)(C), a narcotics distribution charge that does not

carry a mandatory minimum term of imprisonment. Gonzalez pleaded guilty to that count, and was sentenced, that same day. Gonzalez was sentenced principally to 108 months in prison. His Guidelines range was 108 to 135 months, and as part of the plea agreement, Gonzalez agreed not to challenge his sentence so long as it did not exceed 135 months' imprisonment, either by filing a direct appeal, bringing a collateral challenge pursuant to 28 U.S.C. § 2241 or § 2255, or seeking a sentence modification pursuant to 18 U.S.C. § 3582(c). Gonzalez did not appeal his conviction.

## DISCUSSION

In his petition, Gonzalez asserts first that his attorney operated under a conflict of interest in negotiating the plea agreement since the agreement waived Gonzalez's right to bring a habeas petition asserting that the attorney was ineffective. In connection with this claim, Gonzalez asserts that the Government interfered with his right to counsel by offering a plea agreement that required his counsel to behave unethically; his counsel failed to move the Court to conduct a conflict inquiry or seek revisions to the plea agreement; and his plea was unknowing and involuntary as a result of the conflict. Gonzalez also brings two other ineffective assistance claims: his attorney failed to advise him that he was waiving the right to

be resentenced under recently amended Guidelines[1] and failed to investigate, or otherwise discuss, the validity of two prior state court convictions.

Petitioner's first claim is based on the contention that he is precluded under the terms of the plea agreement from bringing an ineffective assistance of counsel claim.  This claim fails because the petitioner's plea agreement did not waive his right to bring an ineffective assistance of counsel claim.  "A waiver of appellate or collateral attack rights does not foreclose an attack on the validity of the process by which the waiver has been procured, here, the plea agreement."  Frederick v. Warden, Lewisburg Correctional Facility, 308 F.3d 192, 195-96 (2d Cir. 2002).  Accordingly, petitioner may bring a collateral challenge to the extent it claims ineffectiveness of counsel in connection with the negotiation of a plea agreement.  Id.; see also Parisi v. United States, 529 F.3d 134, 138-39 (2d Cir. 2008).

Gonzalez's claim that his counsel was ineffective because he failed to explain that the plea agreement waived defendant's right to seek a modification of his sentence under the new Guidelines is denied as the petitioner's plea agreement does not

---

[1] Effective November 1, 2014, the United States Sentencing Commission amended the United States Sentencing Guidelines Manual to lower the guideline sentencing range for certain categories of offenses involving drugs.  The Sentencing Commission also adopted an amendment to § 1B1.10 of the Guidelines, effective November 1, 2014, which authorized retroactive application of the amendment to the drug guidelines.

preclude him from bringing such a motion.  This portion of the Gonzalez's habeas petition will be converted into a petition to modify Gonzalez's sentence.  A separate scheduling order regarding the converted petition accompanies this Opinion.

The petition is also construed as asserting that defense counsel was ineffective for failing to seek revisions to the plea agreement that would preserve his right to reduce his sentence by challenging prior state court convictions obtained without counsel.  A successful challenge to any of his prior convictions would lower his criminal history category from III to II.  "A defendant who pleads guilty unconditionally while represented by counsel may not assert independent claims relating to events occurring prior to the entry of the guilty plea."  Parisi, 529 F.3d at 138 (citation omitted).  Because Gonzalez pleaded guilty, he may not raise an ineffective assistance of counsel claim to the extent that it relates to actions his attorney should have taken prior to Gonzalez's plea that are independent of the plea negotiation process.  Construing the petition liberally, however, petitioner has also raised the claim that his attorney was ineffective for failing to advise him that he could reduce his Guidelines range by challenging prior convictions.  This claim may not be precluded by Gonzalez's guilty plea.

A defendant may collaterally attack a prior conviction as part of the sentencing proceedings only if the prior conviction is constitutionally infirm because it violated the defendant's right to counsel under Gideon v. Wainwright.  United States v. Sharpley, 399 F.3d 123, 126 (2d Cir. 2005).  The petitioner's ability to succeed with this claim depends on the nature of his uncounseled convictions.  "Where . . . a defendant is convicted of a misdemeanor and no jail term is imposed, no sixth amendment right to counsel attaches."  United States v. Castro-Vega, 945 F.2d 496, 499 (2d Cir. 1991).  An uncounseled misdemeanor conviction that resulted in no term of incarceration may also be used to calculate the defendant's criminal history category. Id. at 499-500.  Accordingly, the petitioner will be unable to show prejudice if the convictions petitioner claims were obtained without counsel are misdemeanors where no jail term was imposed.

## CONCLUSION

Gonzalez's October 22 petition for a writ of habeas corpus is denied to the extent that it is premised on the existence of a conflict of interest.  Gonzalez's claim based on the amendments to the Guidelines is converted to a petition for a reduction of sentence.  The remaining claim asserting ineffective assistance in connection with Gonzalez's uncounseled prior convictions is not subject to summary dismissal.  An Order

5

accompanies this Opinion directing the U.S. Attorney's Office to respond to that claim in Gonzalez's petition.

Dated:   New York, New York
         May 12, 2015

                              _____
                                      DENISE COTE
                              United States District Judge