```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
                                         :
WILLIAM MARCOS GONZALEZ,                 :    14cv8760 (DLC)
                    Petitioner,          :
                                         :    13cr0007 (DLC)
               -v-                       :
                                         :    OPINION AND ORDER
UNITED STATES OF AMERICA,                :
                    Respondent.          :
                                         :
-----------------------------------------X
```

APPEARANCES:

For the Petitioner:

William Marcos Gonzalez, pro se
67699-054
Federal Correctional Institution
33.5 Pembroke Rd.
Danbury, CT 06811

For the Respondent:

James M. McDonald
Assistant United States Attorney
One Saint Andrews Plaza
New York, NY 10007

DENISE COTE, District Judge:

　　On October 24, 2014, William Marcos Gonzalez ("Gonzalez") timely filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255.[1]  On May 12, 2015, the Court denied one of his three claims and converted another into a motion for a reduced sentence under 18 U.S.C. § 3582(c)(2).  The remaining claim in

---

[1] The petition was docketed on October 28, 2014.

Gonzalez's petition is for ineffective assistance of counsel. For the following reasons, the petition is denied.

## Background

On June 28, 2013, Gonzalez pled guilty to a charge of conspiracy to distribute five kilograms of cocaine in violation of 21 U.S.C. § 841(b)(1)(A).  The conspiracy was alleged to have run from December 1 to December 6, 2012.  This charge carried a mandatory minimum sentence of five years.  Because of a change in Department of Justice policy, the Government allowed Gonzalez to plead guilty to violating 21 U.S.C. § 841(b)(1)(C), an offense carrying no mandatory minimum.  On October 11, 2013, Gonzalez pled guilty to that lesser included offense and was sentenced principally to 108 months in prison.  His Guidelines range was 108 to 135 months, based on an offense level of 29 and a Criminal History Category of III.

Four offenses contributed to Gonzalez's Criminal History Category.  Two of these prior convictions were for Unlawful Possession of Marihuana in violation of N.Y. Penal Law §§ 221.05 and 221.1 respectively, the first in March 2005 and the second in April 2009.  Two others were convictions for Driving While Ability Impaired ("DWAI"), in violation of N.Y. Vehicle and Traffic Law § 1192.1.  The first was in March 2006 and the second was in October 2008.  All four offenses were non-criminal violations or infractions, except for his second marijuana

conviction which was a Class B Misdemeanor.  None of them resulted in imposition of a term of imprisonment.

Gonzalez did not appeal his federal conviction.  Gonzalez's original petition contained three primary grounds for relief: (1) his attorney had a conflict of interest because his plea agreement waived his right to claim ineffective assistance of counsel on appeal; (2) counsel was ineffective because the plea agreement waived his right to petition for resentencing under 18 U.S.C. § 3582(c); and (3) he received ineffective assistance of counsel because his attorney did not challenge the validity of the uncounseled state court convictions that increased his criminal history score.  On May 12, 2015, the Court denied the petition's first claim and converted Gonzalez's second claim into a motion for resentencing under 18 U.S.C. § 3582(c) ("May Opinion").  The May Opinion held that Gonzalez's attorney did not have a conflict of interest because his plea agreement did not prohibit Gonzalez from alleging ineffective assistance of counsel during the procedures that led up to his plea of guilty.  The May Opinion separately scheduled his converted motion for a reduced sentence and requested that the Government respond to Gonzalez's remaining argument.  On November 20, Gonzalez's motion for a reduced sentence was granted and his sentence was lowered to 87 months' imprisonment.

3

On July 22, the Government filed its opposition to the remaining claim in the petition, that is, his attorney's failure to challenge the validity of uncounseled state court convictions.  On September 3, Gonzalez's reply was docketed. Gonzalez's reply raised two arguments regarding his prior convictions that were not articulated in his original petition. Gonzalez argued that his attorney should have been aware of Second Circuit precedent that would have required the court to exclude his DWAI convictions from his criminal history calculation.  See United States v. Potes-Castillo, 638 F.3d 106 (2d Cir. 2011).  He further argued that his attorney was ineffective because he failed to explain that Gonzalez could challenge his marijuana convictions in state court and that successful challenges would lower his criminal history score. On September 17, the Court gave the Government an additional opportunity to respond to these new arguments.  The Government's response was filed on October 16, and Gonzalez's reply was received and docketed on December 17.[2]  In his reply, Gonzalez raised a new argument: that his attorney was ineffective for failing to seek a departure under Guidelines § 4A1.3 because

---

[2] On October 28, the Gonzalez filed his initial response pursuant to the September 17 Order.  Gonzalez's filing alleged that the Government failed to respond to the Court's September 17 Order, when in fact the Government did file a response that Gonzalez had not received.  In light of the delay in receiving the Government's filing, the Court granted Gonzalez's motion for an extension of time to reply and struck his October 28 reply.

4

Gonzalez's Criminal History Category overstated the severity of his prior crimes.  Although this argument was raised for the first time in Gonzalez's reply, the Opinion will address it on the merits.[3]

### Discussion

The law of ineffective assistance of counsel is well-settled.  In order to prevail on a claim of ineffective assistance of counsel, Gonzalez must make two showings:

> First, he must demonstrate that his counsel's representation "fell below an objective standard of reasonableness."  Second, he must establish that he suffered prejudice —- in this context, meaning that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."

Fulton v. Graham, 802 F.3d 257, 265 (2d Cir. 2015) (quoting Strickland v. Washington, 466 U.S. 668, 688, 694 (1984)). "Because counsel must avoid both failing to give advice and coercing a plea, counsel's conclusion as to how best advise a client enjoys a wide range of reasonableness."  Id. (citation omitted).  To demonstrate prejudice, the petitioner must show "a reasonable probability that the end result of the criminal process would have been more favorable by reason of a . . . sentence of less prison time."  Kovacs v. United States, 744

---

[3] While Gonzalez's October 24, 2014 petition was timely, the Court does not find that the new arguments raised in his September 3 or December 17, 2015 submissions are timely.

F.3d 44, 51-52 (2d Cir. 2014) (citing Missouri v. Frye, 132 S. Ct. 1499, 1410 (2012)).  Ultimately, "each case is a context-specific application of Strickland directed at a particular instance of unreasonable attorney performance."  Id. at 52.

Gonzalez argues that his counsel was ineffective in four ways: (1) his attorney did not investigate or challenge his uncounseled state court convictions, each of which contributed to his criminal history score; (2) his attorney did not argue for the exclusion of his prior DWAI convictions from his criminal history score; (3) his attorney failed to advise him that if he successfully challenged the validity of his marijuana convictions in state court then they would no longer count towards his criminal history score; and (4) his attorney failed to argue for a departure under Guidelines § 4A1.3.  Assuming without deciding that each of these claims is timely, they are denied.  Gonzalez has not shown that his attorney's conduct fell below an objective standard of reasonableness or that his attorney's conduct caused prejudice.

### I. Uncounseled Prior Convictions

Gonzalez's first argument is that his attorney's representation was deficient for failing to investigate his uncounseled state court convictions and attack their validity as part of his sentencing calculation.  As the May Opinion noted, "[t]o the extent that [Gonzalez] attacks his prior conviction as

6

part of his sentencing proceedings, he can do so only if the prior conviction is constitutionally infirm under the standards of Gideon v. Wainwright, 372 U.S. 335 (1963)." United States v. Sharpley, 399 F.3d 123, 126 (2d Cir. 2005). In other words, Gonzalez must allege an "actual deprivation of counsel" in violation of the Constitution. Id.

All four of the state court convictions that contributed to his criminal history score were either misdemeanors or non-criminal violations, none of which resulted in a term of imprisonment. "Where . . . a defendant is convicted of a misdemeanor and no jail term is imposed, no sixth amendment right to counsel attaches." United States v. Castro-Vega, 945 F.2d 496, 499 (2d Cir. 1991). Because Gonzalez had no constitutional right to counsel in his state court convictions, his attorney could not have successfully challenged their contribution to his criminal history score on this ground.

## II. DWAI Convictions

A defendant's criminal history score is governed by Guidelines § 4A1.2. Section 4A1.2(c)(1)-(2) lists certain categories of offenses that are presumptively excluded from the criminal history score absent special circumstances. Included in this list are crimes such as "careless or reckless driving," which is only counted if it is sufficiently serious, and "minor traffic infractions," which are never counted. Id. Application

7

Note 5 to Guidelines § 4A1.2 makes it clear that "[c]onvictions for driving while intoxicated or under the influence (and similar offenses by whatever name they are known) are always counted, without regard to how the offense is classified." See United States v. Mason, 692 F.3d 178, 182 (2d Cir. 2012) ("We construe the guideline and its commentary together." (citation omitted)). Thus, driving under the influence invariably increases a defendant's criminal history score, even where it is classified as a misdemeanor or petty offense.

Gonzalez therefore cannot show either that his attorney's performance was deficient for failing to argue for the DWAI convictions' exclusion or prejudice resulting from that failure. Application Note 5 makes it clear that Gonzalez's DWAI convictions would add to his criminal history score irrespective of any argument to the contrary. Had defense counsel made an application to exclude the DWAI convictions, the application would have been denied.

Gonzalez argues that United States v. Potes-Castillo, 638 F.3d 106 (2d Cir. 2011), shows that his attorney should have argued for the exclusion of his DWAI convictions from his criminal history score. Potes-Castillo discussed an earlier version of Application Note 5, however, and the Guidelines were amended in November 2012 to make it explicit that DWAI convictions always count towards a defendant's criminal history

8

score.  See United States Sentencing Commission, Amendments to the Sentencing Guidelines 35 (Apr. 30, 2012) (stating that the change to Application Note 5 "resolves differences among circuits regarding when prior sentences for misdemeanor offenses of driving while intoxicated . . . are counted," citing Pontes-Castillo).  The amended version of Application Note 5 was in effect during the latter part of the conspiracy to which Gonzalez pled guilty and when Gonzalez was sentenced in October 2013, meaning that his DWAI convictions would have increased his guidelines range notwithstanding his attorney's possible arguments to the contrary.

### III. Challenging State Court Convictions

Gonzalez next argues that his attorney was ineffective for failing to advise him that he could challenge his marijuana convictions in state court.  If those challenges were successful and the marijuana convictions expunged, his criminal history score would be reduced, resulting in a lower guideline range. United States v. Cox, 245 F.3d 126, 130 (2d Cir. 2001) (expunged convictions "are not to be counted" in a defendant's criminal history score); Guidelines § 4A1.2(j).

It is unnecessary to decide the extent to which defense counsel is required to explore the validity of a client's prior convictions since Gonzalez has not shown that the prior convictions were constitutionally infirm.  Although they were

9

obtained without counsel, no attorney was required. He has not presented any evidence of a viable constitutional challenge to the state statutes he was convicted of violating, nor has he shown any other procedural or substantive defect in those convictions. Gonzalez has not shown that there is a reasonable probability that his state court convictions would have been expunged or overturned, thus resulting in a lower criminal history score.[4] Accordingly, Gonzalez has not shown that he was prejudiced by his attorney's failure to advise him to challenge his prior convictions.

### IV. Departure Under Guidelines § 4A1.3

In his most recent reply, Gonzalez argues that his attorney was ineffective for failing to seek a departure on the grounds that his Criminal History Category vastly overstated the severity of his prior crimes. The version of Guidelines § 4A1.3(b)(1) that was effective at Gonzalez's sentencing provided that: "If reliable information indicates that the defendant's criminal history category substantially over-represents the seriousness of the defendant's criminal history . . . a downward departure may be warranted." Such a downward departure is limited to the "lower limit of the applicable guideline range

---

[4] If Gonzalez "successfully vacates his prior conviction through state . . . collateral challenges, he may also seek to have his present sentence reopened, although success in that endeavor is not guaranteed." Sharpley, 399 F.3d at 126.

10

for Criminal History Category 1." Id. § 4A1.3(b)(2)(A).  As Gonzalez acknowledges in his reply, the lowest sentence he could have received under a § 4A1.3 departure was 87 months' imprisonment.

Gonzalez's argument that his attorney was ineffective for failing to seek such a departure does not have merit.  Gonzalez has not shown that his attorney's failure to request such a departure caused prejudice.  If the departure had been sought and granted, Gonzalez's sentencing range would have been 87 to 108 months' imprisonment.  On November 20, 2015, his sentence was reduced to 87 months under Amendment 782 to the Guidelines, which went into effect on November 1, 2014.  In applying the Amendment, his offense level was reduced to 27 and his Criminal History Category remained at III.  Even if Gonzalez had originally been sentenced pursuant to a Guidelines § 4A1.3 departure -- and therefore received a sentence of 87 months' imprisonment in 2013 -- the Court could not have re-applied that departure when it considered his motion for a reduced sentence under 18 U.S.C. § 3582(c)(2).  In other words, under Amendment 782, the new guideline range would still have been determined using Criminal History Category III.  Application Note 1(A) to Guidelines § 1B1.10(b)(1) states that the applicable guideline range "is determined before consideration of any departure provision" in the Guidelines.  See United States v. Erskine, 717

11

F.3d 131, 137 n.6 (2d Cir. 2013) (finding that Guidelines § 1B1.10 prevents district courts from "apply[ing] a previous variance or departure to sentence outside the reduced Guidelines range unless the defendant previously received a downward departure based on substantial assistance to the Government"). The lower limit of the Court's ability to resentence Gonzalez is therefore 87 months' imprisonment, even if counsel had successfully made an application for a § 4A1.3 departure at the outset. Thus, Gonzalez has not satisfied the prejudice prong of Strickland and this ground for his habeas petition is denied.

## **Conclusion**

William Marcos Gonzalez's October 28, 2014 petition for a writ of habeas corpus is denied.  In addition, a certificate of appealability shall be not granted.  The petitioner has not made a substantial showing of a denial of a federal right and appellate review is, therefore, not warranted.  <u>Hoffler v. Bezio</u>, 726 F.3d 144, 154 (2d Cir. 2013); <u>Tankleff v. Senkowski</u>, 135 F.3d 235, 241 (2d Cir. 1998); <u>Rodriquez v. Scully</u>, 905 F.2d 24, 24 (2d Cir. 1990).  Pursuant to 28 U.S.C. § 1915(a)(3), any appeal from this Opinion and Order would not be taken in good faith.  <u>Coppedge v. United States</u>, 369 U.S. 438, 445 (1962).  The Clerk of Court shall close the case.

Dated:     New York, New York
           January 21, 2016

                                    _____
                                            DENISE COTE
                                    United States District Judge

```
Copies sent to:

William Marcos Gonzalez
67699-054
Federal Correctional Institution
33.5 Pembroke Rd.
Danbury, CT 06811
```